IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>Washington Field Office<br>131 M Street, N.E., Ste. 4NW02F<br>Washington, D.C. 20507<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL ASSOCIATION FOR THE EDUCATION OF YOUNG CHILDREN,**<br>1313 L Street, N.W., Suite 500<br>Washington, D.C. 20005<br><br>**Defendant.** | Civil Action No.<br><br>COMPLAINT<br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices committed by Defendant National Association for the Education of Young Children and to provide appropriate relief to Denni Johnson, who has been adversely affected by such practices. As alleged with greater particularity below, the EEOC alleges that Defendant discriminated against Johnson by engaging in unlawful sex-based compensation discrimination by paying her lower wages than those paid to her male counterpart for performing equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 ("EPA"), codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United State District Court for the District of Columbia.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" and "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant National Association for the Education of Young Children ("Defendant"), an Illinois corporation, has continuously been an employer doing business in the District of Columbia and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i), and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i), and (j), and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that the enterprise has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Denni Johnson ("Johnson") filed a charge of discrimination with the Commission alleging violations of the EPA and Title VII by her employer, Defendant.

9. On December 30, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the EPA and Title VII were violated and inviting Defendant to join with the Commission in informal methods of

conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On May 10, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF TITLE VII CLAIMS

12. Since at least March 2012, Defendant has engaged in unlawful employment practices in violation of Section 703(a), 42 U.S.C. § 2000e-2(a), by paying Johnson lower wages than those paid to her male counterpart for performing equal work.

13. Defendant hired Johnson in, or around, October 2011 as an Associate Editor in its Publications Department at an annual starting salary of $48,000.

14. When Defendant hired Johnson, she had over 30 years of editing and writing experience.

15. In March 2012, Defendant hired Steven Olle ("Olle") as an Associate Editor in its Publications Department at an annual starting salary of $56,000.

16. When Defendant hired Olle, he had approximately 21 years of editing experience.

17. Johnson and Olle performed equal work and had the same responsibilities.

18. In March 2015, Defendant increased Olle's annual salary to $57,680 but increased Johnson's annual salary only to $49,400.

19. According to Defendant's publicly available 2015 tax filings, Defendant paid its Executive Director $278,236 in compensation and paid its three Deputy Executive Directors a total of $578,015. That same year, Defendant paid its five highest compensated employees a total of $778,015.

20. Prior to filing her Charge of Discrimination, Johnson advised Defendant that it was paying her lower wages than Olle for performing equal work. Defendant refused to correct the wage disparity.

21. The effect of the practices complained of in paragraphs 12-20 above has been to deprive Johnson of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

22. The unlawful employment practices complained of in paragraphs 12-20 above were intentional.

23. The unlawful employment practices complained of in paragraphs 12-20 above were done with malice or with reckless indifference to the federally protected rights of Johnson.

## STATEMENT OF EQUAL PAY ACT CLAIMS

24. Since at least March 2012, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Johnson lower wages than those paid to her male counterpart for performing equal work as an Associate Editor.

25. As a result of the acts complained of above, Defendant unlawfully has withheld, and continues to withhold, the payment of wages due to Johnson who received lower compensation than the male Associate Editor. The practices include

paying wages to Johnson at rates less than the rates paid to her male counterpart in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

26. The unlawful practices complained of in paragraph 24-25 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, directors, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Johnson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices complained of above, including raising Johnson's salary to what Olle what be earning had Olle remained employed by Defendant.

D.  Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Johnson whose wages are being, and were unlawfully withheld as a result of the acts complained of above.

E.  Order Defendant to make whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-20 above, in amounts to be determined at trial.

F.  Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above in paragraphs 12-20 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

_/s/ Maria Luisa Morocco_
MARIA LUISA MOROCCO
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington Field Office
131 M Street, Fourth Floor
Washington, DC 20507
Phone:     (202)419-0724
Maria.Morocco@eeoc.gov

_/s/ Keyana G. Laws_
KEYANA G. LAWS
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA  19107
Phone:     (215) 440-2642
Fax:        (215) 440-2848
Keyana.Laws@eeoc.gov

Dated:     September 26, 2017