IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION FOR THE EDUCATION OF YOUNG CHILDREN,<br><br>Defendant. | Case No. 1:17-cv-01989-BAH |

## CONSENT DECREE

This Action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), against National Association for the Education of Young Children ("Defendant"), alleging violations of the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) (the "EPA"), Sections 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission alleged that Defendant subjected its employee Denni Johnson ("Johnson") to unequal compensation because of her sex. Defendant denies all allegations and denies that it subjected Ms. Johnson to unequal compensation or discrimination because of her sex.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation and they desire to formulate a plan, to be embodied in a Consent Decree ("Decree"), that will resolve the Commission's claims and promote and

effectuate the purposes of the EPA and Title VII. This Decree does not constitute an adjudication on the merits of the Commission's case and it shall not be construed as a waiver by the Commission of any contentions of discrimination nor an admission or acknowledgment of wrongdoing or liability by Defendant. The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, the EPA, and Title VII. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all claims alleged in the Complaint filed by the Commission in this EPA and Title VII action, which emanated from the Charge of Discrimination filed by Denni Johnson, EEOC Charge No. 570-2016-00296.

2. This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court.

### NON-DISCRIMINATION AND NON-RETALIATION

3. Defendant and its officers, directors, agents, employees, successors, assigns, governing board members, and all persons in active concert or participation with any of them are hereby enjoined from violating the EPA or Title VII, and shall not discriminate nor take adverse employment actions against individuals on the basis of sex.

4. Defendant shall not retaliate, coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted and protected by the EPA or Title VII.

## MONETARY RELIEF

5.     In full settlement of damages alleged by the Commission in this case, Defendant will pay Ms. Johnson a total of $41,777.00, less applicable withholdings, within thirty (30) days from the date of entry of the Decree. This figure represents $33,450 in backpay, interest and lost retirement contributions and $8,327.00 in liquidated damages pursuant to the EPA. Ms. Johnson has voluntarily resigned her position.

6.     Defendant shall send a check directly to Ms. Johnson, by certified mail or express delivery service, at an address provided by the Commission. Within three (3) days of such payment, Defendant shall send a photocopy of the check, along with a photocopy of the certified mail receipt or other documentation of delivery, to Maria Luisa Morocco, Supervisory Trial Attorney, Washington Field Office, 131 M Street, N.E. Suite 4NW02F, Washington, D.C. 20507.

7.     Defendant shall issue to Ms. Johnson an IRS form W-2 for the monetary relief constituting backpay, as set forth above, and an IRS Form 1099 for the monetary relief constituting liquidated damages, as set forth above.

## TRAINING

8.     Within (90) days from the date of entry of the Decree, Defendant shall provide two (2) hours of live training for all management personnel, officers, supervisors, and all persons with the authority to recommend or approve starting salaries, salary increases, and/or bonuses. The training will focus on Defendant's obligations under the federal equal employment opportunity laws, with an emphasis on preventing sex discrimination, including non-discrimination in pay decisions under the EPA and Title VII. For the duration of this Decree, Defendant shall provide the same or substantially similar

training (or a recording from the initial live training) to newly hired or appointed management personnel, officers, supervisors, and all persons with the authority to recommend or approve starting salaries, salary increases, and/or bonuses within 45 days of his/her date of hire or appointment.

9. The initial training shall be led by an external EEO consultant or law firm, previously agreed to by the parties. Subsequent training will be led by Defendant's General Counsel using the initial live training materials (or a recording from the initial live training). Within seven (7) days of completion of each component of the training, Defendant shall provide certification to the Commission's counsel of record that such training has occurred. This certification shall include the dates, times, locations of the training, and a signed attendance list which lists the names and titles of all attendees. Defendant shall provide to Maria Luisa Morocco, Supervisory Trial Attorney, Washington Field Office, 131 M Street, N.E. Suite 4NW02F, Washington, D.C. 20507 a copy of all written materials provided to employees during the training session.

## POSTING

10. Within seven (7) days after entry of the Decree, Defendant shall post, in all places where notices to employees customarily are posted, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Decree and shall be signed by Defendant's Chief Executive Officer, with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant shall ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within seven (7) days of

completion of the required posting, Defendant shall forward to Maria Luisa Morocco, Supervisory Trial Attorney, Washington Field Office, 131 M Street, N.E. Suite 4NW02F, Washington, D.C. 20507 a copy of the signed Notice attached hereto, written certification that the Notice has been posted, and a statement of the location(s) and date(s) of posting.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

11. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.

12. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing possible non-compliance with this Decree. Prior to such motion, the Commission shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance in writing.

    A. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

    B. Each party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such action; and

    C. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Columbia.

## REPORTING REQUIREMENTS

13. Six months from the date of this Decree's entry, and continuing every six months throughout its duration, Defendant shall provide written reports to the Commission

identifying all complaints of alleged sex discrimination in pay for the preceding 6-month period. Each report shall identify all persons who complained to Defendant of the alleged sex discrimination in pay during the reporting period, any witnesses to such alleged matters, and any persons allegedly involved in the reported discriminatory employment decisions and/or conduct. Specifically, such identification shall include:

    A.    the date of the complaint;

    B.    the nature of the complaint;

    C.    the name, address, telephone number(s), and job title of each person who made the complaint;

    D.    the name, address, telephone number(s), and job title of each person who was alleged to have engaged in discriminatory conduct;

    E.    the name, address, telephone number(s) and job titles of each person whom Defendant contacted, interviewed, or otherwise obtained information from concerning the complaint; and

    F.    a detailed description of all action taken in response to each complaint.

14. Each report required by Paragraph 14 shall include copies of all documents reflecting the action(s) Defendant took to investigate each complaint and copies of any statements obtained.

15. Each report required by Paragraph 14 shall include certification by Defendant that the Notice required to be posted pursuant to this Decree remained posted during the entire period required.

## **MISCELLANEOUS**

16. The Commission and Defendant shall bear their own costs and attorneys' fees.

17. All claims brought by the Commission against Defendant in the instant action (Case No. 1:17-cv-01989) shall be dismissed with prejudice, subject to this Court's jurisdiction to enforce provisions of this Decree.

18. If any provision(s) of this Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

19. The terms of the Decree are and shall be binding upon (a) Defendant; (b) all present and future parents of Defendant; (c) all present and future subsidiaries of Defendant; and (d) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, governing board members, or assigns of Defendant.

20. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and the Commission and approved by the Court.

21. When this Decree requires the submission of any documents to the Commission, if not otherwise indicated in the Decree or Attachments, they shall be mailed by certified mail to Maria Luisa Morocco, Supervisory Trial Attorney, Washington Field Office, 131 M Street, N.E. Suite 4NW02F, Washington, D.C. 20507.

The undersigned counsel of record hereby consent to the entry of the foregoing Decree.

| **FOR PLAINTIFF** | **FOR DEFENDANT**<br>**NATIONAL ASSOCIATION FOR THE**<br>**EDUCATION OF YOUNG CHILDREN** |
|---|---|

*/s/ Debra Lawrence*
DEBRA M. LAWRENCE
Regional Attorney

*/s/ Eric Janson*
ERIC J. JANSON
Seyfarth Shaw LLP
975 F Street N.W.
Washington, DC 20004-1454
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
ejanson@seyfarth.com

*/s/ Maria Luisa Morocco*
MARIA LUISA MOROCCO
Supervisory Trial Attorney
Washington Field Office
131 M Street, N.E. Suite 4NW02F
Washington, D.C. 20507
Phone: (202) 419-0724
maria.morocco@eeoc.gov

ELIZABETH B. BANASZAK
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
ebanaszak@seyfarth.com

*/s/ Keyana Laws*
KEYANA C. LAWS
Senior Trial Attorney
U.S. EEOC - Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
Phone: (215) 440-2642
Fax: (215) 440-2848
Keyana.Laws@eeoc.gov

*/s/ Rhian Evans Allvin*
RHIAN EVANS ALLVIN
Chief Executive Officer
NAEYC

**IT IS SO ORDERED:**

Signed and entered this _____ day of _____, 2018.

_____
Beryl A. Howell, United States District Judge
United States District Court for the District of Columbia

EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO A CONSENT DECREE

This Notice is being posted pursuant to a federal court order voluntarily resolving a lawsuit brought by the United States Equal Employment Opportunity Commission (EEOC) against National Association for the Education of Young Children (NAEYC). In that lawsuit called *EEOC v. National Association for the Education of Young Children*, Case No. 1:17-cv-01989, the EEOC alleged that NAEYC violated the Equal Pay Act (EPA) and Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e, *et seq*.

The EPA requires that men and women in the same workplace be given equal pay for equal work. The jobs need not be identical, but they must be substantially equal. Title VII prohibits discrimination against employees and applicants on the basis of sex. Title VII also prohibits an employer from retaliating, coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of any right granted and protected by Title VII. The EEOC is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce the EPA and Title VII.

If you believe you have been discriminated against, you may contact the Commission at (800) 669-4000 or TTY (800) 669-6820. This Notice must remain posted for three years from the date below and must not be altered, defaced, or covered by any other material.

Dated: _____      _____
Rhian Evans Allvin
Chief Executive Officer
National Association for the Education of Young Children